1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

BALDEMAR MORA-ESPEJO,

       Petitioner,

   v.

KRISTI NOEM, *et al.*,

       Respondents.

Case No. 2:26-cv-00372-RFB-BNW

**ORDER GRANTING WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Baldemar Mora-Espejo's Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his civil detention at Nevada Southern Detention Center ("NSDC") in the custody of Immigration and Customs Enforcement ("ICE"). Petitioner asserts his detention by Respondents without a bond hearing under 8 U.S.C. § 1225(b)(2)(A) violates the Immigration and Nationality Act ("INA") because he is properly detained under § 1226(a) and its implementing regulations and violates the Due Process Clause of the Fifth Amendment. See Petition ("Pet.") at 12-14, ECF No. 1.

The only authority Respondents provide for continuing to detain Petitioner without a bond hearing is their novel statutory interpretation of § 1225(b)(2)(A), which this Court has repeatedly found is unlawful. See, e.g., Jacobo Ramirez v. Noem, No. 2:25-cv-02136-RFB-MDC, 2026 WL 310090 (D. Nev. Feb. 5, 2026) (collecting cases). For the following reasons, and consistent with its prior decisions, the Court finds Respondents' ongoing detention of Petitioner under § 1225(b)(2)(A) is unlawful under the INA and Due Process Clause. Thus, the Court grants the Petition and orders Respondents to provide Petitioner a prompt bond hearing or immediately release him from custody.

The Court makes the following findings of fact. Petitioner is a 24-year-old native and

1    citizen of Mexico who has resided in the United States since December 2022, when he entered the

2    country without inspection. See ECF No. 1 at 3, 8. Prior to his detention, Petitioner was steadily

3    employed and living with his long-term partner and their young children, to whom he provides

4    consistent emotional and financial support. See id. at 5. ICE officers arrested Petitioner after a

5    traffic stop in Washington, Utah on January 21, 2026, and quickly commenced removal

6    proceedings against him, charging him as, *inter alia*, being present in the United States without

7    admission or parole and therefore removable under 8 U.S.C. § 1182(a)(6)(A)(i). See Form I-213,

8    ECF No. 9-1; Notice to Appear, ECF No. 9-2.

9        The Court—while also acknowledging that the BIA decision Matter of Yajure Hurtado, 29

10   I&N Dec. 216 (BIA 2025) [hereinafter "Hurtado"] has recently been vacated under the

11   Administrative Procedure Act, 5 U.S.C. § 706(2)(A)[1]—*independently* rejects Respondents' and

12   Hurtado's statutory interpretation of § 1225(b)(2)(A) as applied to noncitizens like Petitioner, who

13   was arrested by ICE far from any border or port of entry after years of residence in this country,

14   for the reasons discussed in detail in this Court's previous decisions, which the Court incorporates

15   and adopts by reference in this case. See, e.g., Escobar Salgado v. Mattos, ---- F.Supp.3d ---, No.

16   2:25-CV-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025); Jacobo Ramirez v. Noem,

17   --- F. Supp. 3d ---, No. 2:25-CV-02136-RFB-MDC, 2025 WL 3270137, at *7-11 (D. Nev. Nov.

18   24, 2025). The Court is not persuaded to reconsider its statutory analysis by the small pool of

19   nonbinding case law Respondents cite, including the recent Fifth Circuit decision in Buenrostro-

20   Mendez v. Bondi, Nos. 25-20496 & 25-40701, 2026 WL 323330 (slip op.) (5th Cir. Feb. 6, 2026),

21   for many of the reasons identified in dissent by Judge Douglas, see id., at *10-18 (Douglas, J.,

22   dissenting), and by other district courts. See, e.g., Carbajal v. Wimmer, No. 2:26-CV-00093, 2026

23   WL 353510, at *4 (D. Utah Feb. 9, 2026); Singh v. Baltazar, No. 1:26-CV-00336-CNS, 2026 WL

24   352870 (D. Colo. Feb. 9, 2026).

25       Moreover, Buenrostro-Mendez did not address an as applied constitutional challenge to

26   Respondents detention policy under § 1225(b)(2)(A), which Petitioner raises here. The Court

27

28       [1] See Maldonado Bautista v. Noem, No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284
(C.D. Cal. Feb. 18, 2026).

incorporates by reference the legal authorities and standards set forth in <u>Escobar Salgado</u> regarding the due process rights of noncitizens in Petitioner's position, including the Court's findings regarding Respondents' erroneous reliance on <u>Dep't of Homeland Sec. v. Thuraissigiam</u>, 591 U.S. 103 (2020) to contend that all undocumented noncitizens present in this country have no right to due process under the Constitution. 2025 WL 3205356, at *22-24; <u>see also</u> <u>Padilla v. U.S. Immig. and Cust. Enf't</u>, 704 F. Supp. 3d 1163 (W.D. Wash. 2023). Consistent with its prior decisions the Court finds that Respondents' civil detention of Petitioner without a bond hearing and without providing any individualized, constitutionally recognized justification for his detention violates his procedural and substantive due process rights. <u>See id.</u> The Court therefore orders Respondents to provide Petitioner a bond hearing wherein the government bears the burden of establishing an individualized, constitutionally recognized interest in civilly detaining Petitioner, *i.e.*, that his detention is necessary to prevent danger to the community or to ensure his future appearance at removal proceedings. <u>See</u> <u>Zadvydas v. Davis</u>, 533 U.S. 678, 690 (2001).

Consistent with its broad equitable authority to fashion a habeas remedy for unlawful detention "as law and justice require," the Court finds that, given the arbitrary deprivation of liberty that Petitioner has suffered and continues to suffer, Respondents must provide a bond hearing promptly, no later than **February 26, 2026**, or immediately release him from custody on his own recognizance. <u>See</u> <u>Carafas v. LaVallee</u>, 391 U.S. 234, 238 (1968).

Based on the foregoing **IT IS HEREBY ORDERED** that the (ECF No. 1) Petition for Writ of Habeas Corpus is **GRANTED**.

**IT IS FURTHER ORDERED** that the (ECF No. 2) Motion for Temporary Restraining Order is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Respondents, including the immigration court, must provide Petitioner with a constitutionally adequate bond hearing pursuant to 8 U.S.C. § 1226(a) no later than **February 26, 2026**. The immigration court must create a contemporaneous record of the bond hearing that is available to Petitioner upon request. <u>See</u>, <u>e.g.</u>, <u>Rodriguez v. Robbins</u>, 715 F.3d 1127, 1136 (9th Cir. 2013).

///

1    **IT IS FURTHER ORDERED** that if bond is granted, Respondents

2    are **ORDERED** to **IMMEDIATELY RELEASE** Petitioner from detention. The Court has

3    received notice of the hardship other petitioners have incurred in their efforts to satisfy bond

4    through ICE payment portals, and, therefore, **IT IS FURTHER ORDERERD** that Petitioner be

5    afforded until **March 26, 2026** to satisfy any monetary bond conditions.

6    **IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED**

7    from invoking 8 C.F.R. § 1003.19(i)(2) to continue Petitioner's detention, as the Court has already

8    found the regulatory automatic stay is facially unconstitutional and adopts that finding here. See

9    Herrera v. Knight, 798 F. Supp. 3d 1184 (D. Nev. 2025).

10   **IT IS FURTHER ORDERED** that if a constitutionally adequate bond hearing is not

11   conducted by **February 26, 2026**, Respondents must **IMMEDIATELY RELEASE**

12   **PETITIONER** from custody **ON HIS OWN RECOGNIZANCE**.

13   **IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED**

14   from detaining Petitioner during the pendency of his current removal proceedings unless and until

15   it is determined that his detention is warranted under § 1226(a) after a constitutionally adequate

16   bond hearing.

17   **IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED**

18   from detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).

19   **IT IS FURTHER ORDERED** that the Parties shall file a joint status report by **February**

20   **27, 2026**. The status report shall detail if the bond hearing occurred, if bond was granted or denied,

21   and, if denied, the reasons for that denial. If bond was granted or the bond hearing has not occurred,

22   the status report shall confirm Petitioner's release from detention in compliance with this Order.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1       The Clerk of Court is instructed to enter judgment accordingly and close this case. The

2   Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this

3   matter to enforce the judgment without filing a separate case. The Court also retains jurisdiction

4   to consider Petitioner's request for fees and costs. Any fee petition should be filed within the

5   deadlines and consistent with the requirements set by the Equal Access to Justice Act, 28 U.S.C.

6   § 2412.

7

8       **DATED:** February 24, 2026.

9

10                                                          _____

11                                                          **RICHARD F. BOULWARE, II**

12                                                          **UNITED STATES DISTRICT JUDGE**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28